UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON FOSTER,                      )
                                   )
         Petitioner,               )
                                   )
    v.                             )    Civil Action No.  11-1374 (ESH)
                                   )
WARDEN WAINWRIGHT,                 )
                                   )
         Respondent.               )

**MEMORANDUM OPINION**

This matter is before the Court on review of Jason Foster's petition for a writ of habeas corpus and the government's opposition.[1]  For the reasons discussed below, the petition will be denied.

I.  BACKGROUND

In the Superior Court of the District of Columbia ("Superior Court"), petitioner pled guilty to one count of robbery.  *See* United States' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Gov't Opp'n"), Ex. 1 (Judgment and Commitment Order, *United States v. Foster*, No. F-2466-03 (D.C. Super. Ct. Mar. 1, 2005)).  On October 10, 2003, the Superior Court sentenced petitioner to a three-year term of imprisonment, suspended execution of a two-year portion of the term, and imposed a two-year term of probation.[2]  *See id.*, Ex. 2 (Sentence Monitoring Computation Data dated Oct. 24, 2006) at 3; Petition ("Pet.") at 5.  For reasons not

---

[1]     On September 13, 2011, the Court issued an Order directing petitioner to file a response to the government's submission, but he failed to do so by the October 13, 2011 deadline.

[2]     The Superior Court may "suspend the imposition of sentence or impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof," and place an offender on probation.  D.C. Code § 16-710(a); *see Richardson v. United States*, 927 A.2d 1137, 1141 (D.C. 2007) (describing a "split sentence[]" as "a period of incarceration followed by a period of probation").

made clear in the record, the Superior Court revoked probation on March 1, 2005, and ordered that petitioner serve the three-year prison term (with credit for time served) followed by a three-year term of supervised release.[3] *See* Gov't Opp'n, Ex. 1. With an award of good time credit and credit for time served (366 days, from April 28, 2003 to April 29, 2003, and from May 16, 2003 to May 13, 2004), petitioner was released on November 14, 2006, *id.*, at which time he began service of his three-year term of supervised release. *Id.*, Ex. 3 (Certificate of Supervised Release dated October 30, 2006) at 1. Among other conditions of his release, petitioner was to submit to drug testing as directed by his community supervision officer and abstain from the use of alcohol and controlled substances. *See id.*, Ex. 3 at 2-3.

On March 16, 2009, the United States Parole Commission ("USPC") charged petitioner with violations of the conditions of his supervised release. Gov't Opp'n, Ex. 5 (Warrant Application dated March 16, 2009) at 1. Specifically, petitioner allegedly had tested positive for the use of marijuana on 11 occasions (Charge No. 1 – Use of Dangerous and Habit Forming Drugs), failed to report for drug testing on five occasions (Charge No. 2 – Failure to Submit to Drug Testing), and failed to comply with his curfew (Charge No. 3 – Failure to Comply with Graduated Sanction (GPS Monitoring System)) on 12 occasions. *See id.*, Ex. 5 at 1-2. The USPC issued a violator warrant, *see id.*, Ex. 6 (Warrant dated March 16, 2009), which was executed on March 20, 2009, *id.*, Ex. 7 (United States Marshal's Return to the United States Parole Commission). A hearing examiner conducted a probable cause hearing on March 27, 2009, and found probable cause to believe that petitioner committed at least one of the violations charged. *See id.*, Ex. 8 (D.C. Probable Cause Hearing Digest) at 2. The USPC proposed, and

---

[3] The Superior Court cannot impose concurrent terms of both probation and supervised release. If the court imposes a split sentence, it must suspend the term of supervised release. *Richardson v. United States*, 927 A.2d 1137, 1143 (D.C. 2007).

petitioner accepted, an expedited revocation decision pursuant to which supervised release would be revoked, all time spent on supervised release would be forfeited, and petitioner would serve a term of imprisonment as a sanction. *Id.*, Ex. 9 (Advanced Consent to Expedited Revocation Decision) at 2. In accordance with this agreement, the USPC revoked supervised release and directed petitioner to serve a 10-month term of imprisonment, followed by a 26-month term of supervised release. *Id.*, Ex. 10 (Notice of Action dated April 2, 2009) at 1.

Petitioner was released on January 19, 2010, at which time he began service of the supervised release term, Gov't Opp'n, Ex. 12 (Certificate of Supervised Release dated January 19, 2010), which was to have ended on March 18, 2012, *id.*, Ex. 13 (Warrant Application dated March 28, 2011) at 1. Within a year of his release, however, petitioner failed to submit to drug testing on three occasions (Charge No. 1 – Failure to Submit to Drug Testing) and on January 24, 2011, he was arrested in the District of Columbia for operating an unregistered vehicle with a suspended driver's license (Charge No. 2 – Law Violation). *Id.*, Ex. 13 at 1-2. Petitioner pled guilty to the traffic offenses on February 22, 2011, and on April 25, 2011, the Superior Court imposed an aggregate sentence of 150 days' imprisonment.[4] *Id.*, Ex. 16 (Status Report dated June 7, 2011) at 2.[5]

---

[4] Review of the Superior Court's docket reveals that, on February 22, 2011, petitioner entered guilty pleas in two separate cases. *See District of Columbia v. Foster*, No. 2010-CTF-15856 (D.C. Super. Ct. filed Aug. 26, 2010); *District of Columbia v. Foster*, No. 2011-CTF-01383 (D.C. Super. Ct. filed Jan. 24, 2011). Only the second of these cases was the basis for the law violation alleged in the March 28, 2011 warrant application.

[5] As of June 7, 2011, petitioner was detained at the Correctional Treatment Facility in the District of Columbia and "ha[d] served approximately 43 days of the 150 day jail sentence." Gov't Opp'n, Ex. 16 at 2. Apparently there was "also a Federal Parole Violation Warrant detainer." *Id.*, Ex. 16 at 2. The effect, if any, of the federal detainer on the length of petitioner's detention is unclear.

In the meanwhile, the USPC issued a violator warrant, Gov't Opp'n, Ex. 14 (Warrant dated March 28, 2011), which was executed on August 22, 2011, *see id.*, Ex. 16 at 2. Petitioner filed this action in July 2011.[6]

## II. DISCUSSION

According to petitioner, he not only has served the three-year term of imprisonment imposed by the Superior Court, but also has served his term of supervised release. *See generally* Pet. at 5-6. He claims that his "time should have expired" and, therefore, that "no detainer should be placed on [him]." *Id.* at 6. Review of the record, however, reveals that the petitioner remained under the USPC's supervision at the time the USPC issued and executed violator warrants in 2009 and 2011.

"[A]ny person convicted [of robbery] shall suffer imprisonment for not less than 2 years nor more than 15 years." D.C. Code § 22-2801 (formerly D.C. Code § 22-2901). District of Columbia law authorizes the imposition of a prison term followed by a term of probation ("split sentence"), *see* D.C. Code § 16-710(a), as well as the termination of probation "when in the opinion of the court the ends of justice shall require" it. D.C. Code § 24-304(a). Where the Superior Court has suspended imposition of a portion of an offender's sentence, has placed the offender on probation and subsequently revokes probation, the court "may impose any sentence which might have been imposed" initially, and "the time of probation shall not be taken into account to diminish the time for which [the offender] was originally sentenced." *Id.* If the Superior Court imposes a sentence of more than one year, it also imposes a three-year term of supervised release, D.C. Code § 24-403.01(b)(2)(B), to "commence[] on the day the offender is

---

[6] According to the Federal Bureau of Prisons Inmate Locator, petitioner is designated to the Federal Detention Center in Philadelphia, Pennsylvania, and his release date is unknown.

4

released from imprisonment," D.C. Code § 24-403.01(b)(5). The record of this case shows that petitioner received a prison sentence within the lawful range, received credit for time served prior to his release on probation, and, upon revocation of probation, forfeited all time spent on probation, all in accordance with District of Columbia law.

An offender serving a term of supervised release remains subject to the USPC's authority until completion of his term of supervised release. D.C. Code § 24-403.01(b)(6). The USPC is authorized to revoke supervision, *see* D.C. Code § 24-403.01(b)(6), and as a sanction may imprison an offender for a term of "[n]ot more than 2 years, if the maximum term of imprisonment authorized for the offense is 5 years or more, but less than 25 years." D.C. Code § 24-403.01(b)(7)(C).

Petitioner's 36-month term of supervised release began on November 14, 2006, and it had not ended before the USPC issued the violator warrant in March 2009. Thus, the USPC retained supervision authority over petitioner and was authorized to impose not only a 10-month term of imprisonment but also an additional term of supervised release. Similarly, his 26-month term of supervised release which began on January 10, 2010, had not expired when, on March 28, 2011, the USPC issued a second violator warrant. Although more than three calendar years have passed since the Superior Court initially imposed its sentence, petitioner fails to demonstrate that he has spent more than three years in prison or that the USPC improperly exercised its authority after his term of supervised release had expired.

III. CONCLUSION

A District of Columbia prisoner is entitled to habeas corpus relief under 28 U.S.C. § 2241 if he establishes that his "custody is in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3).  Petitioner fails to show that his custody is unlawful, and, accordingly, the habeas petition will be denied.  An Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  October 26, 2011